# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

REBECCA CLARK and JAMES
SMITH, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

    v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.

)
)
)
)
)
)
)
)   C.A. No. 14C-02-188-JRJ CCLD
)
)
)
)
)
)
)

## OPINION

Date Submitted: January 5, 2015
Date Decided: March 30, 2015

*Upon Plaintiffs' Motion For Leave to Amend the Complaint Pursuant to Super. Ct. Civ. R. 15(a)*: **DENIED**

John S. Spadaro, Esquire, John Sheehan Spadaro, LLC, 724 Yorklyn Road, Suite 375, Hockessin, Delaware 19707, Attorney for Plaintiffs.

Colin M. Shalk, Esquire (argued), Casarino Christman Shalk Ransom & Doss, P.A., 405 North King Street, Suite 300, P.O. Box 1276, Wilmington, Delaware 19899, Cari K. Dawson, Esquire (*pro hac vice*) & Kyle G.A. Wallace, Esquire (*pro hac vice*), 1201 West Peachtree Street, Atlanta, Georgia 30309, Attorneys for Defendant.

**JURDEN, P.J.**

# I. INTRODUCTION

Rebecca Clark and James Smith (and others similarly situated) (collectively, "Plaintiffs") seek to amend their Complaint pursuant to Delaware Superior Court Civil Rule 15(a) to add a claim for declaratory judgment. Plaintiffs allege that Defendant State Farm Mutual Automobile Insurance Company ("State Farm") has violated 21 *Del. C.* § 2118B by adopting an improper practice of delaying processing, payment, and denial of claims for Personal Injury Protection ("PIP"). Plaintiffs seek a declaratory judgment that this practice constitutes a repudiation of the contractual obligations owed by State Farm to its Delaware automobile policyholders.

In response, State Farm maintains that Plaintiffs lack standing to bring this lawsuit because they have failed to plead any injury in fact and, in the absence of any personalized harm, Plaintiffs' claim for declaratory relief does not present a live case or controversy that is ripe for adjudication.[1]

---

[1] Prior to Plaintiffs' Motion for Leave to Amend the Complaint, State Farm filed a Motion for Summary Judgment Pursuant to Delaware Superior Court Civil Rule 56(c). *See* Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment (Trans. ID. 55616863) ("Def. Mot. Sum. J."). On October 15, 2014, after the parties completed briefing on Plaintiffs' Motion, the Court granted State Farm's Summary Judgment Motion with regard to Counts II, III, and IV of Plaintiffs' Complaint. *See* Oct. 15, 2014 Modified Order Granting Summary Judgment (Trans. ID. 56201342). During Oral Argument on the same day, Plaintiffs' counsel advised that Plaintiffs were no longer pursuing Count I of the Complaint. *See* Oral Argument Tr. at 46–47 (Trans. ID. 56313425) (Oct. 15, 2014). Consequently, at issue here is whether Plaintiffs may amend their complaint to add a single count for a declaratory judgment.

## II. BACKGROUND

Plaintiffs are named insureds under automobile insurance policies issued by State Farm.[2] State Farm, an Illinois corporation engaged in the business of insurance, regularly sells automobile insurance within the State of Delaware.[3]

21 *Del. C.* § 2118B governs the processing and payment of PIP claims.[4] The purpose of § 2118B "is to ensure reasonably prompt processing and payment of sums owed by insurers to their policyholders and other persons covered by their policies . . . and to prevent the financial hardship and damage to personal credit ratings that can result from the unjustifiable delays of such payments."[5]

Section 2118B(c) requires insurers to pay or deny a claim for first-party benefits "no later than 30 days following the insurer's receipt of [a] written request for first-party insurance benefits and documentation that the treatment or expense is compensable . . . ."[6] If an insurer fails to comply with this requirement, the amount of unpaid benefits due from the insurer to the claimant is increased.[7]

---

[2] Compl. ¶¶ 3–4.
[3] *Id.* ¶ 5.
[4] *See* 21 *Del .C.* § 2118B.
[5] *Id.* § 2118B(a).
[6] *Id.* § 2118B(c).
[7] *Id.* ("If an insurer fails to comply with the provisions of this subsection, then the amount of unpaid benefits due from the insurer to the claimant shall be increased at the monthly rate of: (1) One and one-half percent from the thirty-first day through the sixtieth day; and (2) Two percent from the sixty-first day through the one hundred and twentieth day; and (3) Two and one-half percent after the one hundred and twenty-first day.").

Plaintiffs' proposed amendment alleges that "State Farm routinely fails to either pay or deny claims for [PIP] coverage within the statutorily-required 30-day period under [the statute]."[8] According to Plaintiffs, State Farm "consciously incurs statutory interest penalties for overdue PIP benefits as a mere cost of doing business," and "[t]his conduct defeats the purpose of section 2118B."[9]

Plaintiffs seek a declaration that State Farm improperly exempts itself from the statutory 30-day period by routinely withholding coverage determinations only after the 30-day deadline has passed.[10]

### III. PARTIES' CONTENTIONS

Plaintiffs argue leave to amend the Complaint should be granted, noting that Delaware "freely allows amendment in all but the most limited circumstances."[11] Plaintiffs claim they have suffered an injury in fact because a litigant seeking declaratory relief need not prove "actual harm" to suffer an injury in fact; rather, "it is enough that [Plaintiffs] allege an invasion, erosion or deprivation of legal rights."[12] According to Plaintiffs, they have been deprived of the benefit of the bargain as a result of State Farm's adoption of "a widespread practice of ignoring

---

[8] Plaintiffs' Brief in Support of Their Motion For Leave to Amend the Complaint, Ex. A ¶ 1 (Trans. ID. 55914810) ("Pl. Op. Br.").
[9] *Id.*
[10] *Id.*
[11] Pl. Op. Br. at 7.
[12] *Id.* (emphasis omitted).

4

the statutory 30-day deadline,"[13] and that such a deprivation is a legally cognizable injury.[14]

Alternatively, Plaintiffs argue they have standing to challenge State Farm's practice under the doctrine of "voluntary cessation."[15] That is, just because State Farm "voluntarily ceased" its alleged misconduct does not mean the dispute is moot.[16]

Plaintiffs also argue that their claim is ripe for adjudication because State Farm's practice of failing and refusing to comply with § 2118B's 30-day requirement constitutes a repudiation of the contractual obligations owed by State Farm to its Delaware automobile policyholders.[17]

In opposition, State Farm argues that Plaintiffs' proposed amendment would be futile because: (1) the amendment directly contradicts 21 *Del. C.* § 2118B;[18] (2) Plaintiffs do not have standing to pursue the proposed claim;[19] and (3) there is no actual controversy that is ripe for judicial review.[20] Specifically, State Farm argues

---

[13] *Id.* at 9.
[14] *Id.* at 10.
[15] *Id.* at 13.
[16] *Id.* at 14.
[17] *Id.* at 12.
[18] Defendant State Farm Mutual Automobile Insurance Company's Response in Opposition to Plaintiffs' Motion for Leave to Amend the Complaint at 6–7 (Trans. ID. 56060295) ("Def. Ans. Br.").
[19] *Id.* at 7–17.
[20] *Id.* at 17–19.

Plaintiffs' claim is not ripe for review because Plaintiffs have not alleged some ongoing or future wrong for which they could bring a viable claim.[21]

Finally, State Farm argues the doctrine of voluntary cessation does not apply because it has not stopped or changed its practices as a result of this litigation or to avoid Plaintiffs' claim.[22]

## IV. STANDARD OF REVIEW

"It is well settled that a trial court has discretion in determining whether to entertain a declaratory judgment action. The court may not exercise that discretion, however, unless the action presents an 'actual controversy.'"[23]

## V. DISCUSSION

Under Delaware Superior Court Civil Rule 15, after a responsive pleading has been filed, a plaintiff may amend the complaint "only by leave of court or by written consent of the adverse party."[24] Although Rule 15(a) provides that "leave shall be freely given when justice so requires,"[25] leave to amend is not automatic.[26]

---

[21] *Id.* at 17–18.
[22] *Id.* at 19–20.
[23] *XI Specialty Ins. Co. v. WMI Liquidating Trust*, 93 A.3d 1208, 1216 (Del. 2014).
[24] Del. Super. Ct. Civ. R. 15(a).
[25] *Id.*
[26] *Sokol Holdings, Inc. v. Dorsey & Whitney, LLP*, 2010 WL 599330, at *2 (Del. Super. Feb. 19, 2010).

Leave to amend will not be granted when the proposed amendment would be futile.[27] An amendment is futile if no "actual controversy" exists between the parties.[28] Lack of an actual controversy will act as a bar to a party proceeding with a case requesting only declaratory relief.[29] For an actual controversy to exist, four prerequisites must be satisfied:

> (1) It must be a controversy involving the rights or other legal relations of the party seeking declaratory relief; (2) it must be a controversy in which the claim of right or other legal interest is asserted against one who has an interest in contesting the claim; (3) the controversy must be between the parties whose interests are real and adverse; and (4) the issue involved in the controversy must be ripe for judicial determination.[30]

"Delaware courts decline to exercise jurisdiction over a case unless the underlying controversy is ripe . . . ."[31] A controversy is not ripe in an action for declaratory relief if the request constitutes an advisory or hypothetical opinion.[32] It is well settled that Delaware courts do not issue advisory or hypothetical opinions.[33] "The underlying purpose of [this] principle is to conserve judicial

---

[27] *Id. See also FS Parallel Fund, L.P. v. Ergen*, 879 A.2d 602 (Del. 2005); *Guy v. Judicial Nominating Comm'n*, 659 A.2d 777, 786 (Del. Super. 1995).
[28] *See XI Specialty*, 93 A.3d at 1217.
[29] *Id.*
[30] *Id.* (citing *Stroud v. Milliken Enters., Inc.*, 552 A.2d 476, 479–80 (Del. 1989)).
[31] *XI Specialty*, 93 A.3d at 1217.
[32] *Id.*
[33] *Id.*

resources and to avoid rendering a legally binding decision that could result in premature and possibly unsound lawmaking."[34]

In determining whether a case is ripe for judicial review, the Court must undertake "a common sense assessment of whether the interests of the party seeking immediate relief outweigh the concerns of the court in postponing review until the question arises in some more concrete and final form."[35] According to the Delaware Supreme Court:

> Generally, a dispute will be deemed ripe if litigation sooner or later appears to be unavoidable and where the material facts are static. Conversely, a dispute will be deemed not ripe where the claim is based on uncertain and contingent events that may not occur, or where future events may obviate the need for judicial intervention.[36]

To assert a proper action for declaratory relief, "[t]here must be in existence a factual situation giving rise to immediate, or about to become immediate,

---

[34] *Id.  See also KLM Royal Dutch Airlines v. Checchi*, 698 A.2d 380, 382 (Del. Ch. 1997) ("Advisory opinions ill-serve the judicial branch and the public by expending resources to decide issues that may never come to pass.  More importantly, the judiciary's role in the lawmaking process is an interstitial one, carried out by the application of legislative enactments and common law principles to concrete factual circumstances that have created real and present controversies. An action seeking declaratory relief is not exempt from these requirements and must present the court with an actual controversy that is ripe for judicial decision.").

[35] *XI Specialty*, 93 A.3d at 1217.  In *Schick Inc. v. Amalgamated Clothing & Textile Workers Union*, the Delaware Court of Chancery identified five factors to help guide the Court in determining whether an issue is ripe for adjudication: (1) a practical evaluation of the legitimate interests of the plaintiff in a prompt resolution of the question presented; (2) the hardship that further delay may threaten; (3) the prospect of future factual development that might affect the determination made; (4) the need to conserve scarce resources; and (5) a due respect for identifiable policies of law touching upon the subject matter in dispute. 533 A.2d 1239, 1239 (Del. Ch. 1987).

[36] *XI Specialty*, 93 A.3d at 1217 (internal quotations omitted).

controversy between the parties."[37] A party seeking a declaratory judgment must show that the failure to resolve the controversy will have an immediate and practical impact upon him or her.[38] Although a plaintiff need not have suffered actual harm, "an actual controversy must exist so that judicial resources are not wasted on hypothetical disputes or on situations in which a judicial declaration will not end the dispute between the parties."[39]

Here, Plaintiffs' proposed amendment is futile because no actual controversy exists. Plaintiffs' claim is not ripe for judicial review because Plaintiffs have not pleaded an immediate, or about to be immediate, controversy between the parties. While Plaintiffs contend State Farm wrongfully deducted statutory interest from Plaintiffs' PIP claim,[40] the record reflects that the statutory interest was paid *in addition to* Plaintiffs' PIP claim.[41] Thus, Plaintiffs already received the benefit of their bargain. Plaintiffs were entitled to compensation under their PIP coverage; however, State Farm failed to pay or deny Plaintiffs' PIP claim within the 30-day window.[42] Accordingly, since State Farm did not pay the PIP compensation until after the statutory period, State Farm paid the statutory interest to the Plaintiffs in

---

[37] *Ackerman v. Stemerman*, 201 A.2d 173, 175 (Del. Ch. 1964).
[38] *Schick*, 533 A.2d at 1241.
[39] *Hoechst Celanese Corp. v. Nat'l Union First Ins. Co.*, 623 A.2d 1133, 1137 (Del. Super. 1992).
[40] Pl. Op. Br. at 1.
[41] Def. Ans. Br. at 3–4; Oral Argument Tr. at 7–8.
[42] Def. Ans. Br. at 2–3; Def. Mot. Sum. J. at 1–3.

addition to their PIP benefits.[43] Because State Farm has complied with § 2118B, Plaintiffs have failed to plead any additional injury, or any additional injury that may immediately occur in the future.[44]

Plaintiffs' action for declaratory relief amounts to a request for an advisory or hypothetical opinion. Plaintiffs' proposed amendment voluntarily dismisses all of the previous four counts in the Complaint and adds a count solely for declaratory relief.[45] Specifically, Plaintiffs ask the court for a "[d]eclara[tion] [of] the parties' rights, duties, status or other legal relations."[46] Plaintiffs are not seeking any money damages,[47] and granting such a declaration amounts to a non-justiciable advisory or hypothetical opinion.

The instant litigation is nearly identical to the scenario in *Myers v. Travelers Commercial Insurance Company*.[48] In *Myers*, the plaintiffs sought a declaration that Travelers had improperly adopted a practice under § 2118B by delaying processing, payment, and denial of PIP claims. Plaintiffs in *Myers* also sought a declaration that Travelers' practice constituted a repudiation of the contractual

---

[43] *Id.*

[44] Additionally, the factual allegations in Count I of the Complaint have been resolved. As discussed *supra*, Plaintiffs admitted at Oral Argument that the statutory interest was not deducted from Plaintiffs' PIP benefits; instead, it was correctly added to Plaintiffs' PIP benefits. Oral Argument Tr. at 46–47.

[45] Pl. Op. Br. at 5, 11–18; Oral Argument Tr. at 16–19.

[46] Pl. Op. Br., Ex. A at 17.

[47] Oral Argument Tr. at 11–12.

[48] *Myers v. Travelers Commercial Ins. Co.*, 2015 WL 351953, at *1 (Del. Super. Jan. 26, 2015), *appeal voluntarily dismissed*, No. 48, 2015, (Trans. ID. 56952650) (Del. 2015).

obligations Travelers owed to its policyholders.[49]  This Court dismissed the plaintiffs' claim for lack of an actual controversy because the claim amounted to a request for an advisory opinion not ripe for adjudication.[50]

Moreover, "[u]nder Delaware law, repudiation is an outright refusal by a party to perform a contract or its conditions entitling the other contracting party to treat the contract as rescinded."[51]  Under this theory, Plaintiffs do not seek a declaratory judgment based on transactions that have been concluded.[52]  Instead, Plaintiffs ask the Court to grant declaratory judgment because Plaintiffs remain State Farm policyholders.  As policyholders, they argue the value of their policy is reduced going forward because Plaintiffs bargained for PIP claims that are paid or denied within 30 days.[53]  Assuming these factual allegations to be true, Plaintiffs have failed to allege sufficient facts from which it can be reasonably inferred that State Farm's alleged practice constitutes a repudiation of the contractual obligations owed by State Farm to its Delaware automobile policyholders.

---

[49] *Id.*

[50] *Id.* at *2.

[51] *CitiSteel USA, Inc. v. Connell Ltd. P'ship*, 758 A.2d 928, 931 (Del. 2000) (internal quotations omitted).

[52] Oral Argument Tr. at 11–12.

[53] *See id.*

11

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend the Complaint is **DENIED**.

**IT IS SO ORDERED**.

_____
Jan R. Jurden, President Judge